Danny R. ODOM, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 41875.

Missouri Court of Appeals,
Western District.

Jan. 30, 1990.

Ellen H. Flottman, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before GAITAN, P.J., and CLARK and MANFORD, JJ.

CLARK, Judge.

Danny R. Odom was convicted by a jury on two counts of second degree burglary and two counts of stealing. His convictions were affirmed on direct appeal. *State v. Odom*, 738 S.W.2d 516 (Mo.App. 1987). On January 5, 1988, Odom filed his pro se motion to vacate, set aside or correct the judgment and later, after appointment of counsel, an amended motion. The trial court conducted an evidentiary hearing, denied the motion and Odom appeals.

Two points of error are raised. Odom first contends the trial court erroneously rejected his contention that his trial attorney was ineffective for failing to call as witnesses three persons who would have testified that Odom was not involved in the burglaries for which he was convicted. The persons were Bobbie Odom, appellant's wife, Harry Hutchinson, a co-defendant, and Bonnie Bell, a long time friend. All three testified at the motion hearing that if called, each would have given evidence that the stolen jewelry found in Odom's possession had been given to Odom earlier that day by another party in payment of a debt.

The evidence presented at trial by the state showed that Odom and Hutchinson were arrested when a car Odom was driving collided with a utility pole and Odom and Hutchinson attempted to run from the accident. When the wrecked car was examined, a considerable quantity of stolen property was recovered including two movie cameras, jewelry, a television set, a jar filled with coins, a clock radio, binoculars and two wallets. All of the goods had been taken in burglaries committed earlier that night. When arrested, Odom also had other stolen property on his person taken in other burglaries. It is this latter property which the witnesses said had been given to Odom, and therefore presumably had been stolen by someone else. This evidence, however, was not presented to the trial jury because the witnesses were not called to testify. According to Odom, a failure to call these witnesses amounted to ineffective assistance of counsel.

We examine Odom's claim in the light of several well recognized principles. First, it is strongly presumed that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment and to prove otherwise, a post-conviction movant must show that his attorney's performance was deficient and that the defense was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 690, 104 S.Ct. 2052, 2064, 2065, 80 L.Ed.2d 674 (1984). To show prejudice, the movant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Allegations of ineffective assistance of counsel relating to matters of trial strategy or tactics do not provide a basis for post-conviction relief because strategic choices made after a thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690, 104 S.Ct. at 2065. Ordinarily, the selection of witnesses is a question of

trial strategy that will not support a finding of ineffective assistance of counsel. *Sanders v. State,* 738 S.W.2d 856, 858 (Mo. banc 1987). If an attorney reasonably believes the testimony of a witness will not unqualifiedly support his client's position, it is a matter of trial strategy not to call him to the witness stand. *State v. Turner,* 623 S.W.2d 4, 12 (Mo. banc 1981).

■ In the present case, Odom makes no case for ineffective assistance of his trial counsel because the decision not to call as witnesses Odom's wife, his co-defendant and his friend was made as a strategic choice with full knowledge of the relevant facts, and most importantly, with the concurrence of Odom himself. Moreover, there was no reasonable probability that calling these witnesses would have benefited the defense. To the contrary, the damaging prospects from cross-examination of the witnesses virtually dictated that they not be used.

The evidence Odom contends the three witnesses would have given purportedly explained Odom's possession of the stolen jewelry as received from one Todd Box. That evidence would, however, have lead to disclosure that earlier in the evening, Odom, Hutchinson and Box had gone to a house in northeast Kansas City where Box committed another burglary while Odom and Hutchinson remained in Box's automobile. As that break-in was in progress, some unidentified persons drove up, at which point Odom took the wheel of the car and attempted to escape. In the process, he wrecked the car and was captured running from the scene. It was later discovered that the automobile first driven by Box and later by Odom in the attempted escape was stolen.

Odom had not been charged with the last burglary undertaken by Box nor was the jury informed that the car Odom was driving before his capture had been stolen. Use of the three witnesses in an attempt to shift blame for theft of the jewelry to Box entailed a risk that these other details would be disclosed. A reasonable choice of trial strategy was made to reject use of the witnesses and, under the authorities previously cited, that decision is no basis upon which to advance a claim of ineffective assistance of counsel. Odom himself participated in the decision, as the trial record shows, and therefore the claim may not be asserted that the choice was uninformed. Odom's first point is denied.

In a second contention, Odom asserts that his attorney rendered ineffective assistance because he also represented Hutchinson, the co-defendant. The only ground advanced to support this claim is the argument that the failure to call Hutchinson as a witness at Odom's trial supports an inference "that counsel was thinking of the impact Hutchinson's testimony would have on Hutchinson's case."

■ The record is barren of any objection at the time by Odom to the joint representation of the two defendants. In that circumstance, an ineffective assistance claim requires a showing that the dual representation constituted an actual conflict of interest and that the conflict adversely affected counsel's performance. *Hopson v. State,* 728 S.W.2d 276, 277 (Mo.App.1987). No such showing has been made here.

■ In this case, both Odom and Hutchinson sought to advance the same defense, that is, to place blame for the crimes on Todd Box. Their stories were that it must have been Box who was responsible for the stolen car in which much of the property taken in the burglaries was found, and they, Odom and Hutchinson, were innocent bystanders who had merely been in Box's company. There was no conflict of interest under these facts. Moreover, the cause for counsel's decision not to call Hutchinson as a witness in Odom's trial had nothing to do with his concurrent representation of Hutchinson, but for the reasons discussed earlier in this opinion. Odom's second point is without merit.

The judgment is affirmed.

All concur.