**STATE of Missouri, Respondent,**

v.

**Layman PATTERSON, Appellant.**

**Layman PATTERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. WD 42725, WD 44334.**

Missouri Court of Appeals,
Western District.

Jan. 14, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Application to Transfer Denied
April 21, 1992.

David S. Durbin, Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, C.J., and KENNEDY and SPINDEN, JJ.

SPINDEN, Judge.

A jury convicted Layman Patterson of second degree murder and armed criminal action. In this appeal, Patterson claims that the trial court erroneously refused to grant his third motion for a continuance and allowed the state to introduce prior inconsistent statements of its witnesses without proper foundation in violation of the rules of evidence and his constitutional rights. While this appeal was pending, Patterson filed a Rule 29.15 motion to set aside his conviction. He appeals the court's overruling that motion on the grounds that he suffered ineffective assistance of counsel because his attorney did not raise and preserve his constitutional rights or call a witness who purportedly had exculpatory evidence. We affirm.

Patterson's convictions arose out of the shooting death of Robert Wells during the early morning hours of November 24, 1988, in Kansas City. Wells was in a car with two other men at Fourth and Highland negotiating a drug purchase from a group of about 15 to 20 individuals when the negotiations turned sour and an argument erupted. Two persons pointed guns into the open, right front window next to where Wells sat and demanded that Wells return "the dope" they had just given him. Wells suddenly told the driver to "take off." Two shots were fired as the car sped away. A bullet entered Wells' head and killed him.

Three individuals, Jescinta Davis, Verlin Parris and Kenneth Gray, told investigating police officers that Patterson shot Wells. At trial, however, Davis testified, until confronted with her prior statement, that she did not know who had fired the fatal shot. Parris testified that he had identified Patterson as the gunman only because officers threatened to send him to jail if he did not. Gray denied making the statement. The trial court permitted the state to introduce into evidence the witnesses' prior statements to the police.

Officers also took a statement from Neatrice McKinzy who said that Verlin Parris had fired the shot which killed Wells. She said that Parris shot from the driver's side of the car, the side opposite to where Wells sat. She later told police that she did not see who fired the shot. While preparing for trial, Patterson's court-appointed defense counsel talked to McKinzy and considered calling her as a witness at trial. After she made conflicting statements during that interview, he decided not to call her because "she wouldn't make a good witness."

Five days before trial was scheduled to begin, Patterson's counsel filed a motion for a continuance relying on three grounds:

1. That counsel for the defendant has not receive[d] all the discovery requested from the State.

2. Counsel for defendant needs additional time to interview the witness.

3. Counsel for defendant needs additional time to confer with the defendant before trial.

The trial court denied the motion. On the morning of trial, defense counsel renewed the motion and added that two days before he had three teeth extracted during emergency oral surgery and was in much pain unless he took medication. He also complained that he had not had an opportunity to interview one of the state's witnesses, Calvin Carter, who had been out of state. Again, the court denied the motion. Counsel was assisted during the first two days of trial by another public defender who handled all of the examination of witnesses. Although the court gave the defense an opportunity to interview Carter before he testified, counsel declined the offer.

### Continuance

Patterson complains that the trial court's refusal to grant the request for a continuance denied him effective assistance of counsel. We do not find any abuse of discretion by the trial court, *State v.*

*Schaal,* 806 S.W.2d 659 (Mo. banc 1991), and reject Patterson's claim of error.

Patterson's motion for continuance filed five days before trial was void of the supporting facts required by Rule 24.09. On the morning of trial, counsel did not indicate to the judge that his pain or the medication would impair his ability to defend Patterson; nor do we find any indication in the record that they did.

Because Patterson did not advance any argument concerning the Carter interview in his brief or at oral argument, we deem him to have abandoned the point. *State v. Harris,* 670 S.W.2d 73, 81 (Mo.App.1984). Even if he had not, we find it meritless. Patterson does not explain why he did not have sufficient time before trial to interview Carter notwithstanding Carter's being out of state, or why he failed to take the opportunity to interview Carter immediately before his testimony.

### *Prior Inconsistent Statements*

■ The heart of Patterson's appeal involves the state's use of three of its witnesses' prior statements to police investigators. Patterson complains that the state did not make a proper foundation for admitting the statements into evidence because the state did not elicit statements from the witnesses contradicting their prior statements. He also complains that the state did not call the witnesses' attention to the time, place and circumstances of the prior statements. We conclude that the state made a proper foundation for admitting the statements into evidence.

The state relies heavily on § 491.074, RSMo 1986, in asserting that the trial court properly received the prior statements into evidence. That statute provides:

Notwithstanding any other provisions of law to the contrary, a prior inconsistent statement of any witness testifying in the trial of an offense under chapter 565, 566 or 568, RSMo, shall be received as substantive evidence, and the party offering the prior inconsistent statement may argue the truth of such statement.[1]

Before the state can use this statute to admit a statement into evidence, it must

establish that the statement is "a prior inconsistent statement." The state satisfied that requirement. Davis contradicted her prior statement to police that Patterson fired the fatal shot by asserting at trial that she did not know who the gunman was. Gray denied giving any statement to police officers concerning the shooting. Parris admitted giving a statement but contended that none of it was true—that he had said "anything" to stay out of jail.

■ Patterson complains that the state did not ask specific questions of the witnesses to establish contradictions of their previous statements. Such traditional foundation questions are not necessary. As the Supreme Court of Missouri concluded, in *State v. Bowman,* 741 S.W.2d 10, 14 (Mo. banc 1987), *cert. denied,* 488 U.S. 829, 109 S.Ct. 83, 102 L.Ed.2d 60 (1988) (footnotes omitted), "The only necessary foundation is the inquiry as to whether the witness made the statement, and whether the statement is true. Any requirement of additional foundation would dilute the effect of [§ 491.074]." It was not necessary for Gray to admit making the statement because the jury had other evidence that he did. *State v. Belk,* 759 S.W.2d 257 (Mo. App.1988). Nor was it necessary for Parris to admit that his statement was true. *Id.; Bowman, supra.*

■ Patterson's third point of error was that admission of the statements violated his constitutional rights to confront his accusers and to due process. The Supreme Court rejected similar contentions in *Bowman, supra* at 13, as this court did in *State v. Clark,* 756 S.W.2d 565 (Mo.App.1988). We reject the point once again.

### *Ineffective Assistance of Counsel*

■ In his Rule 29.15 motion to set aside his convictions, Patterson asserted that he did not benefit from effective assistance of counsel because his attorney did not raise constitutional objections to the court's admitting the prior inconsistent statements and because his attorney did not call McKinzy as a witness. Neither point has merit.

---

**1.** This statute's reference to Chapter 565 makes it applicable to this case.

The law on the prior inconsistent statements was clear; the courts had rejected the constitutional objections Patterson now raises. An attorney should not be faulted for not raising objections which the state's highest tribunal had ruled unequivocally were without merit. *State v. Six*, 805 S.W.2d 159 (Mo. banc 1991).

■ Patterson's assertion that his attorney was ineffective for not using McKinzy as a witness is not a ground for reversal. Even if he had properly raised the point in his motion and properly preserved it on appeal, and he did not, we would reject the argument. Patterson did not establish at his hearing on the motion what McKinzy's testimony would have been; hence, the record is insufficient to consider the point. Moreover, we presume that counsel's decision not to call a witness is a matter of trial strategy and not the basis for overturning a conviction unless the movant clearly establishes otherwise. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Odom v. State*, 783 S.W.2d 486 (Mo.App.1990). Patterson has not met his burden.

Hence, we conclude that the judgments and sentences pronounced by the trial court should be affirmed.

All concur.