STATE of Missouri, Plaintiff–
Respondent,

v.

Darwin HUGGANS, Defendant–Appellant.

Darwin HUGGANS, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

Nos. 59225, 62779.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 7, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 27, 1994.

Nick A. Zotos, Richard A. Fredman, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

STEPHAN, Judge.

This is an appeal from movant-appellant's conviction and sentence of ten years' imprisonment for trafficking second degree in violation of Section 195.223 RSMO Cum.Supp. 1992 and the denial of his Rule 29.15 motion. He has only briefed errors related to the 29.15 appeal. His direct appeal is deemed abandoned. We affirm the order of the motion court.

The underlying facts in this case are as follows: On November 14, 1989, St. Louis police received information from a confidential informant that movant and an accomplice were going to deliver a large amount of cocaine to the 4900 block of Alcott in St. Louis City. The informant said movant and the accomplice would be in an orange pick-up truck. Two detectives went to the location in an unmarked car around 8:30 p.m. where they observed an orange pick-up truck make a quick right turn onto Alcott. The driver failed to yield for the oncoming traffic when making the turn. The detectives followed the orange pick-up for about a block to 4574 Alcott. The driver stopped the truck. The detectives observed movant exit the truck on the passenger side with a plastic bag in his right hand and they also observed movant drop the bag and push it under the truck with his right foot. The bag contained a white powder substance. The detectives arrested movant and the accomplice. During a pat down search of the accomplice, a clear plastic bag of white powder was retrieved from his pants. Laboratory analysis of the bags later disclosed the bags contained cocaine.

Movant was charged with trafficking second degree and the accomplice was charged, as a co-defendant, with possession of a controlled substance.

Movant and the co-defendant were tried together. The case was submitted to a jury. The jury found the movant guilty of trafficking second degree and the co-defendant guilty of possession of a controlled substance.

Movant was sentenced to ten years' imprisonment as a prior offender.

Movant filed a post conviction relief motion pursuant to Missouri Supreme Court Rule 29.15. In his motion, he alleged that he received ineffective assistance of counsel due to the existence of an actual conflict of interest with his trial counsel and he also alleged failure of his trial counsel to consult with him regarding a motion for a mistrial due to alleged contact between a juror and the co-defendant's mother.

An evidentiary hearing was held on May 21, 1992. The court determined that both movant and his co-defendant agreed to joint representation. The court also determined that juror bias is outside the scope of post conviction relief proceedings and in any event, movant suffered no prejudice as a result of prior contact between a juror and the co-defendant's mother.

Movant now appeals the denial of his motion for post-conviction relief after the evidentiary hearing. He alleges that the court erred in finding that there was no conflict of interest in having movant and the co-defendant tried together because the finding is not supported by the record and because he is entitled to effective assistance of counsel, free of actual conflict of interest. He also alleges that he was denied effective assistance of counsel in that his counsel failed to request a mistrial due to a juror's prior contact with co-defendant's mother and failed to allow movant to give any input as to whether to request a mistrial.

■ Our review of a denial of a Rule 29.15 motion is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Jones v. State,* 771 S.W.2d 349, 351 (Mo.App.1989). Such findings are deemed clearly erroneous if, after a review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Abrams v. State,* 698 S.W.2d 15, 17 (Mo.App.1985).

■ To establish ineffective assistance of counsel, movant must show both (1) that his attorney failed to conform his representation to the degree of skill, care and diligence of a reasonably competent attorney under similar circumstances; and (2) that through such failure movant was prejudiced. *Hogshooter v. State,* 681 S.W.2d 20, 21 (Mo.App. 1984). There is a strong presumption that trial counsel's conduct was proper. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove prejudice from trial counsel's conduct movant must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068.

■ At the evidentiary hearing, movant's trial counsel testified that he discussed the possibilities of defenses for each defendant individually. The trial counsel testified that there were no antagonistic defenses between movant and the co-defendant. Further, the trial counsel testified that trying them separately would not give him the opportunity to present his "maximum defense" because it would give the State a second opportunity to cross-examine some potentially weak witnesses. Also, trial counsel's determination to try both together was based on the fact that each defendant's defense was that he knew nothing about the drugs, that each told the same story and neither implicated the other.

The motion court determined that movant and the co-defendant discussed separately with their trial counsel about joint representation. The motion court also found that neither movant nor the co-defendant ever made statements to the police which could be used against the other. Neither movant nor the co-defendant objected to the joint representation. Further, the trial counsel testified that he interviewed both movant and the co-defendant together and separately and movant never mentioned such as a possibility. The motion court found that trial counsel's actions in determining to try the movant and the co-defendant together constituted sound trial strategy.

■ Movant must establish that the dual representation constituted an actual conflict of interest that denied him effective assistance of counsel and that the conflict adversely affected counsel's performance. *Odom v. State,* 783 S.W.2d 486, 488 (Mo.App.

1990); *Monk v. State,* 701 S.W.2d 198, 200 (Mo.App.1985). Movant has failed to show how joint representation was prejudicial to his case. Further, trial counsel's decision to jointly represent both movant and the accomplice was sound trial strategy. The motion court's findings are not clearly erroneous. This point is denied. Movant also alleges that the motion court erred in determining that his trial counsel's choice not to consult with movant regarding his decision not to move for a mistrial was a matter of trial strategy and did not constitute ineffective assistance of counsel.

 The co-defendant's mother works as a bus driver and one of the jurors recognized the mother from past trips on the bus she was driving. During deliberations, the juror told a sheriff that she recognized the mother. The sheriff informed the trial court and the trial counsels about the prior contact.

The trial court questioned the juror about this prior contact. The juror stated that she did not frequently ride the bus, that it had been several months since she last rode a bus the co-defendant's mother was driving, and that her contact with the co-defendant's mother would not affect her decision in the case. She did testify that she had a past disagreement with the co-defendant's mother concerning a free ride on a bus. She did express some fear of possible retaliation, but stated her decision was not affected by this fear. Thereafter, the State moved for a mistrial but it was denied.

Movant alleges that he received ineffective assistance of counsel because his trial counsel did not request a mistrial or consult with movant in this decision.

At the evidentiary hearing, movant's trial counsel testified that the juror never mentioned anything unpleasant about the co-defendant's mother. Movant's trial counsel also testified that, based on his impression of the juror's limited contact, he believed movant would not be prejudiced by it.

 The motion court determined that movant's trial counsel made a reasonable choice not to pursue a mistrial. We agree. Counsel is afforded broad latitude as to matters of trial strategy and is not to be judged ineffective constitutionally simply because in retrospect such a decision may seem error in judgment. *State v. Davis,* 814 S.W.2d 593, 603 (Mo. banc 1991), *cert. denied,* — U.S. ——, 112 S.Ct. 911, 116 L.Ed.2d 812 (1992). Additionally, the motion court determined that juror bias or misconduct constitutes trial error and is outside the scope of post conviction relief proceedings. We must again agree. *Wilson v. State,* 812 S.W.2d 213, 216 (Mo.App.1991).

The motion court did not err in denying movant's contention where he has failed to show that his trial counsel's choice not to pursue a mistrial prejudiced him. This point is denied.

Judgment affirmed.

SIMON, P.J., and PUDLOWSKI, J., concur.