STATE of Missouri, Plaintiff–
Respondent,

v.

Frederick SMITH, Defendant–Appellant.

Frederick SMITH, Movant–Appellant,

v.

STATE of MISSOURI, Respondent–
Respondent.

Nos. 20650, 21237.

Missouri Court of Appeals,
Southern District,
Division Two.

July 21, 1997.

Rosalynn Koch, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for Respondent.

BARNEY, Judge.

In appeal number 20650, Frederick Smith (Defendant) appeals from a jury verdict finding him guilty of second degree robbery pursuant to section 569.030.[1] Defendant was found to be a prior offender pursuant to section 558.016 and was sentenced to a term of ten years in the Missouri Department of Corrections. In appeal number 21237, Defendant appeals from the motion court's judgment denying his Rule 29.15 motion for post-conviction relief.[2]

**I.**

No. 20650

Defendant does not challenge the sufficiency of the evidence to support his conviction. We, therefore, view the facts in the light most favorable to the verdict. *See State v. Wendleton,* 936 S.W.2d 120, 121 (Mo.App. 1996). The facts are as follows: On April 4, 1995, Defendant and one other individual entered the Murray's IGA in Jasper County, Missouri, and committed robbery.

On the evening of the robbery, Loni Bicknell and Nathan Cole were both employees of Murray's IGA and were working. Just prior to the robbery, these two employees noticed Defendant and another man outside the store. Shortly thereafter, Defendant entered the store and told Loni Bicknell to "[g]ive me all your money." The Defendant indicated to Loni Bicknell that he was carrying a weapon.

Next, Defendant forced Loni Bicknell upstairs to Nathan Cole's office where he told them both that he wanted all the money. The other man with Defendant was standing guard by the door. After taking the store's money, the two men ran outside and away from the store.

After the police arrived at the scene of the crime, Loni Bicknell gave a description of the man who demanded money from her to Detective Greg Dagnan, who made a composite drawing of the suspect. A copy of this composite drawing was distributed to a nearby apartment complex. Approximately one week later, the police department received a phone call from someone who said that a man matching the drawing was residing in the complex.

Detective Dagnan arrived at the complex and located the man matching the composite drawing, the Defendant in this case. During this time, Defendant appeared nervous, gave a false name, and false date of birth. Then, after a brief struggle with the detective, Defendant fled the apartment.

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

2. All rule references are to the Missouri Rules of Criminal Procedure (1997), unless otherwise indicated.

Later that day, Defendant was apprehended. Although Defendant initially denied having any knowledge of the robbery, he later indicated to police that he was at Murray's IGA during the robbery, but was there only to buy cigarettes, and that he did run away after the robbery.

## II.

In this consolidated appeal, Defendant raises three points of error: (1) that the court plainly erred in denying his motion to suppress the identification made by Loni Bicknell because it was the product of an impermissibly suggestive police procedure; (2) that the court plainly erred in refusing to give Defendant's proposed jury instruction, MAI–CR3d 310.08, relating to his presence at the scene of the crime, because the instruction was justified by the evidence; and (3) in denying Defendant's motion for post-conviction relief because he was rendered ineffective assistance of counsel at trial.

Defendant failed to object or timely file a motion for new trial to preserve his first point for appeal, so he asks for plain error review. In jury-tried cases, an allegation of error not included in a motion for new trial is not preserved for appeal and is reviewable only for plain error resulting in manifest injustice or miscarriage of justice. Rule 29.11(d); Rule 29.12(b); *State v. Candela,* 929 S.W.2d 852, 860 (Mo.App.1996).

Defendant maintains that Loni Bicknell's pre-trial identification of him from a photographic line-up was impermissibly suggestive. Defendant argues that during the line-up identification process, Loni Bicknell was confused, and that it was only after having a discussion with one of the detectives that her confusion turned to enlightenment, permitting her to identify Defendant as the perpetrator of the robbery.

■ The crucial test for the admission of identification testimony is two-pronged: (1) was the pre-trial identification procedure impermissibly suggestive, and (2) if so, what impact did the suggestive procedure have upon the reliability of the identification made by the witness. *State v. Hornbuckle,* 769 S.W.2d 89, 93 (Mo. banc 1989), *cert. denied* in 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989). Identification testimony will be excluded only when the procedure was so suggestive that it gave rise to a very substantial likelihood of irreparable misidentification. *Id.; see also State v. Huchting,* 927 S.W.2d 411, 415 (Mo.App.1996); *State v. Fyfe,* 922 S.W.2d 71, 73 (Mo.App.1996). However, reliability, rather than suggestiveness, is the cornerstone for determining the admissibility of identification testimony. *Hornbuckle,* 769 S.W.2d at 93. Reliability is to be assessed under the totality of circumstances. *Id.* The factors to be considered include (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Id.*

■ In the instant matter, Loni Bicknell testified during the motion to suppress hearing that she got a good look at the individual who came toward her on the evening of the robbery, demanding money. She testified that the perpetrator's face was not covered with any kind of mask. Indeed, Loni Bicknell was able to describe the individual with sufficient detail so that a detective was able to render a composite drawing. This composite drawing led to a tip from someone residing in an apartment complex that an individual matching the composite was residing there.

Loni Bicknell also testified that she was not influenced by anyone to identify Defendant from the photographic line-up at the police station. She testified that she was told to "clear [her] mind" and not to think about anything except the night of the robbery, and that she should "take [her] time" before making an identification. It was not suggested to her, impermissibly or otherwise, that the suspect was actually in the line-up. She testified that she took ten or fifteen minutes to identify Defendant because she wanted to "make sure [she] got the right person."

Lastly, during the trial, Loni Bicknell made an in-court identification of Defendant,

the same individual whom she identified from the pre-trial photographic line-up.

Contrary to Defendant's assertions with regard to the photographic line-up, we cannot say as a matter of law that the photographic line-up was impermissibly suggestive. *See Hornbuckle,* 769 S.W.2d at 94. The weight to be given Loni Bicknell's testimony was a question for the jury. *See id.* Under the totality of circumstances, we find neither prejudicial error, nor manifest injustice or miscarriage of justice, that would warrant reversal under plain error review. Point I is denied.

### III.

In Defendant's second point, he charges the trial court with plain error in refusing to submit to the jury his proffered jury instruction A, patterned from MAI–CR3d 310.08, relating to Defendant's presence at the crime scene. However, Defendant failed to timely file a motion for new trial to preserve this issue for appeal, so, as in his first point of error, he asks for plain error review. *See* Rule 29.11(d); Rule 29.12(b); *Candela,* 929 S.W.2d at 860.

As a general rule, a defendant is entitled to an instruction on any theory which the evidence tends to establish. *State v. Daniels,* 861 S.W.2d 564, 567 (Mo.App.1993). Defendant avers that he was entitled to have MAI–CR3d 310.08 submitted to the jury. That instruction reads:

> The presence of a person at or near the scene of an offense at the time it was (committed) (attempted) (committed or attempted) is alone not sufficient to make him responsible for the offense, although his presence may be considered together with all of the evidence in determining his guilt or innocence.

MAI–CR3d 310.08 (1989). The "presence" instruction is based on the legal concept that mere presence at the scene of a crime is insufficient to establish accessory liability. *State v. Grice,* 914 S.W.2d 360, 366 (Mo.App. 1995); *Daniels,* 861 S.W.2d at 566.

As codified in Missouri, a person is criminally responsible for the conduct of another when "[e]ither before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense." § 562.041.1(2). While presence alone is not sufficient to sustain a conviction under this theory, proof of presence coupled with other incriminating evidence can be sufficient to sustain a conviction. *Grice,* 914 S.W.2d at 366.

MAI–CR3d 310.08 must be given, if applicable, only if the verdict directing instruction is patterned after MAI–CR3d 304.04, the accessorial liability instruction, and if requested in proper form by either party. *Daniels,* 861 S.W.2d at 566. However, accessory liability was not an issue for the jury to determine in this case. The instruction in MAI–CR3d 310.08 that Defendant argues should have been submitted to the jury "is not required unless accessorial liability is in question." *Id.* at 566–67.

In order for a jury instruction to be considered by the trier of fact, it must be supported by substantial evidence. *State v. Kroll,* 682 S.W.2d 78, 81 (Mo.App.1984). Additionally, the submission or refusal to submit a tendered jury instruction is within the trial court's discretion. *State v. Leisure,* 810 S.W.2d 560, 574 (Mo.App.1991).

Defendant maintains that there was evidence to justify the giving of the "presence" instruction. As previously noted, Defendant did not testify, nor did he present any direct evidence that he was a passive bystander during the robbery. There was only a scintilla of evidence supporting Defendant's proposition that he was merely present during the commission of the robbery. This evidence came from Defendant's cross-examination of Detective Dagnan where the latter testified that while Defendant initially denied any knowledge of the robbery, he later changed his story and stated that he was present, but merely as a bystander.[3]

---

3. The State, of course, was unable to cross-examine the Defendant relating to these self-serving assertions made to Detective Dagnan.

Given the fact that Loni Bicknell placed Defendant squarely in the middle of the robbery's commission, as compared with Defendant's inconsistent assertions of being a mere bystander, we are unable to conclude that the trial court abused its discretion in denying the submission of Defendant's tendered "presence" instruction. *See id.* at 574.

Accordingly, the trial court did not error, plain or otherwise, in refusing to submit Defendant's proffered instruction A to the jury. Point II is denied.

## IV.

### No. 21237

Defendant's final point of error is a claim that the motion court clearly erred in denying his Rule 29.15 motion based on ineffective assistance of counsel following an evidentiary hearing. *See* Rule 29.15.

■ We will not disturb a motion court's judgment denying post-conviction relief unless we determine its findings and conclusions are clearly erroneous. Rule 29.15(k); *State v. Whitfield,* 939 S.W.2d 361, 369 (Mo. banc 1997). Further, we will find the motion court's determination clearly erroneous only if a review of the entire record leaves a definite and firm impression that a mistake has been made. *State v. Smulls,* 935 S.W.2d 9, 15 (Mo. banc 1996); *Risalvato v. State,* 856 S.W.2d 370, 373 (Mo.App.1993).

■ To prevail on a claim of ineffective assistance of counsel, the Defendant must establish by a preponderance of the evidence " 'that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced thereby.' " *State v. Simmons,* 944 S.W.2d 165, 181 (Mo. banc 1997) (quoting *Strickland v. Washington,* 466 U.S. 668, 687–89, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984)). Prejudice exists where there is a reasonable probability that the outcome of the proceeding would have been different but for counsel's ineffectiveness. *Id.* (citation omitted). Where counsel decides as a matter of trial strategy to pursue one evidentiary course to the exclusion of another, trial counsel's in-

formed, strategic decisions will not be considered ineffective assistance. *Id.; see also State v. Chambers,* 891 S.W.2d 93, 109 (Mo. banc 1994).

Defendant argues that trial counsel's failure to impeach Loni Bicknell's identification testimony amounted to ineffective assistance of counsel. However, during the cross-examination of Loni Bicknell, Defendant's counsel made several inquiries of her regarding prior inconsistent statements made by her, both to the police and during the suppression of evidence hearing. Loni Bicknell admitted on a number of occasions, during her cross-examination at trial, that she did not remember having given certain inconsistent statements that were in conflict with what she testified to during her direct examination at trial. However, she did not *deny* having made certain inconsistent statements. Further, the record shows that at trial, during her cross-examination, Defendant's counsel was able to demonstrate to the jury that Loni Bicknell may have been confused as to the identity of the robbers on the day she made her initial identification.

The weight to be given Loni Bicknell's testimony was a question for the jury. *Hornbuckle,* 769 S.W.2d at 94. The trial court found that the "trial transcript demonstrate[d] that trial counsel did impeach this witness with a prior inconsistent statement."

■ Next, Defendant argues that trial counsel's failure to enter the suppression hearing transcript into evidence resulted in ineffective assistance. However, where counsel decides as a matter of strategy to pursue one evidentiary course to the exclusion of another, trial counsel's "strategic decisions not to offer certain evidence is not ineffective assistance." *Simmons,* 944 S.W.2d at 181. Defendant has failed to overcome the presumption of trial strategy. *See State v. Tokar,* 918 S.W.2d 753, 766 (Mo. banc 1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996).

■ Finally, Defendant argues that he received ineffective assistance because his trial counsel failed to cross-examine Detective Dagnan to show that he impermissibly suggested to Loni Bicknell the identity of the

suspect during the photographic line-up. The motion court found that Defendant's "counsel has failed to demonstrate how this prejudiced [Defendant] or how this was bad trial strategy," and that "[a]rguably, this cross-examination could have further bolstered the State's case...." [4]

Counsel's strategic decision not to pursue the cross-examination suggested by Defendant does not rise to the level of ineffective assistance. *See generally Simmons,* 944 S.W.2d at 181. Trial counsel is afforded broad latitude as to matters of trial strategy and is not to be judged ineffective merely because in retrospect such a decision may seem to be an error in judgment. *State v. Huggans,* 868 S.W.2d 523, 526 (Mo.App. 1993).

The motion court determined that "[t]he omissions complained of in this case were at best tangential with no prejudice being demonstrated." We agree. The motion court's findings are not clearly erroneous. *See Simmons,* 944 S.W.2d at 181. Point III is denied.

The judgments of the trial court and the motion court are affirmed.

MONTGOMERY, C.J., and SHRUM, J., concur.

---

4. *E.g.,* the fact of Defendant's flight from police when they attempted to question him could have been brought out, illustrating Defendant's consciousness of guilt.