**David EGGLESTON, Appellant,**

v.

**Janet LOHMAN, Director of Revenue, Respondent.**

**No. WD 53713.**

Missouri Court of Appeals, Western District.

Nov. 4, 1997.

David Schmitt, St. Joseph, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

SPINDEN, Judge.

David A. Eggleston appeals the circuit court's judgment affirming the Director of Revenue's revocation of his driver license for one year. The director revoked his license on the ground that he refused to submit to a blood alcohol content test. We affirm.

The evidence established that on September 21, 1996, at 12:37 A.M. Police Officer Larry R. Stobbs, Jr., began driving his patrol car behind Eggleston's car on a St. Joseph street. Stobbs saw Eggleston make an illegal turn, and Stobbs stopped Eggleston's car.

While Stobbs talked with Eggleston, he noticed that Eggleston's breath had an odor of an intoxicating beverage and that Eggleston's speech was slightly slurred. Stobbs asked Eggleston to submit to field sobriety tests. Stobbs administered the horizontal gaze nystagmus test, the finger-to-nose-test and a preliminary breath test. Based upon the results of these tests, Stobbs arrested Eggleston for driving while intoxicated.

Stobbs took Eggleston to the Buchanan County Law Enforcement Center and, after reading the Missouri Implied Consent law to Eggleston, asked him to take a breath test. Eggleston asked to telephone a lawyer, but when, after 23 minutes Eggleston had not been able to speak to a lawyer, Stobbs asked Eggleston again to submit to a breath test. Eggleston refused, saying that he needed more time to find a lawyer. Stobbs responded that Missouri law required that he be granted only 20 minutes to telephone a lawyer and his refusal to submit to the test after 20 minutes would be deemed a refusal to take the test. Eggleston still refused to take the breath test.

■ Eggleston contends in this appeal that the circuit court erred in admitting into evidence the result of the finger-to-nose field sobriety test. Eggleston argues that the director did not lay a sufficient foundation for the test. We disagree.

This court's Eastern District decided this issue in *Nuyt v. Director of Revenue,* 814 S.W.2d 690, 692 (Mo.App.1991). In response to an argument that certain field sobriety tests, including the finger-to-nose test, should have been excluded because the director showed no scientific foundation for the tests, the *Nuyt* court said:

> [T]he tests were not offered as scientific proof of sobriety from which an inference of guilt or innocence can be drawn. The tests were offered and admitted to show [that the police officer] had probable cause for the arrest. *See, Tuggle v. Director of Revenue,* 727 S.W.2d 168, 169 (Mo.App. 1987). No scientific foundation is necessary under these circumstances. The tests are probative. *See, Kranz v. Director of Revenue,* 764 S.W.2d 508 (Mo.App.1989).

The same is true in this case. The circuit court admitted the finger-to-nose test as probative of the issue of whether Stobbs had probable cause to arrest Eggleston.

■ Stobbs testified that Eggleston started the test before Stobbs finished giving him instructions, that Eggleston swayed during the test, and that Eggleston had a fluid movement with his arms as he was rotating his palms up and down. According to Stobbs, these are among the indicators of intoxication that he looks for, based on his training and experience as a traffic officer.

■ "Probable cause is evaluated from the vantage point of a prudent, cautious, and trained police officer at the scene at the time of arrest.... In examining the existence of probable cause, courts consider the information possessed by the officer before the arrest and the reasonable inferences drawn therefrom." *Wilcox v. Director of Revenue,* 842 S.W.2d 240, 243 (Mo.App.1992). Stobbs' training and experience caused him to look for the indicators exhibited by Eggleston. No scientific basis was necessary for admissibility of Stobbs' testimony.

When the results of Eggleston's finger-to-nose test are considered with the illegal turn Eggleston made, the smell of alcohol on Eggleston's breath, and Eggleston's slurred speech, Stobbs had reasonable grounds to believe that Eggleston was driving a motor vehicle while intoxicated. We affirm the circuit court's judgment.

ULRICH, P.J., C.J., and HOWARD, J., concur.