STATE of Missouri, Respondent,

v.

Michael P. DAVIS, Appellant.

No. WD 65231.

Missouri Court of Appeals,
Western District.

Oct. 24, 2006.

Jeffrey S. Eastman, Gladstone, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Before: HOLLIGER, P.J., LOWENSTEIN and ULRICH, JJ.

HAROLD L. LOWENSTEIN, Judge.

Michael Davis ("Defendant") appeals his conviction for driving while intoxicated. Defendant was sentenced to three years in the Missouri Department of Corrections as a Persistent Alcohol Offender. On appeal Defendant raises three points of instructional error and, in his fourth point, challenges the constitutionality of Section 577.023.[1]

## I. FACTS

Defendant became intoxicated and disorderly while drinking at Quacker's Bar and Grill in Holt County. He refused to leave when asked by the bartender. The bartender then called the Holt County Sheriff and reported that Defendant was drunk and refused to the leave the bar.

The deputy responding to the call witnessed Defendant driving his car across the bar parking lot. Defendant parked his car, got out and told the deputy he was walking home. The deputy smelled a moderate amount of alcohol and asked Defendant to perform several field sobriety tests.[2] Defendant's performance of the tests indicated that he was impaired. A highway patrol officer responding to the scene gave Defendant a preliminary breath test. The test indicated the presence of alcohol, and Defendant was arrested for driving while intoxicated. The chemical test for alcohol administered at the Sheriff's Office indicated that Defendant's blood alcohol content ("BAC") was .168%.[3] Defendant was charged with one count of driving while intoxicated under Section 577.010, a class D felony.

## II. PROCEDURAL POSTURE

Prior to his jury trial for driving while intoxicated, the State offered evidence of prior intoxication-related offenses as predicates for enhancement pursuant to Section 577.023. Defendant was found to be a Persistent Alcohol Offender under the statute. The jury returned a verdict of guilty of driving while intoxicated. The trial court denied Defendant's motion for a new trial. Based on Defendant's status as

---

1. All statutory references are to RSMo (2000) unless otherwise specified.

2. The sheriff deputy administered the horizontal-gaze nystagmus test, the one-legged test, and the finger-to-nose test to Defendant.

3. Pursuant to Section 577.037, a BAC of .08% or greater is prima facie evidence of intoxication.

a Persistent Alcohol Offender, he was sentenced to three years in the Missouri Department of Corrections. Defendant appeals the conviction.

## III. DISCUSSION

### A. THE GIVING OF INSTRUCTION 7

Defendant's first two points are combined. He claims the trial court erred in giving Instruction 7 which: (1) does not correctly state the statutory mandate of Section 577.023; and (2) emphasizes specific evidence as opposed to an ultimate fact as prohibited by Rule 28.02(d).

 1. "[S]ubmission or refusal to submit a tendered jury instruction is within trial court's discretion." *State v. Smith*, 949 S.W.2d 901, 905 (Mo.App.1997). This court's review is limited to whether the trial court abused its discretion in submitting the instruction. *Id.*

 Rule 28.02(c) mandates the exclusive use of the Missouri Approved Instructions–Criminal whenever there is an instruction applicable under the law.[4] Instruction 7 is taken directly from MAI–CR. It is set out *infra*. "When an applicable MAI-*249 CR instruction is available, that instruction must be given by the trial court as written, and its use will not constitute error." *State v. Woodworth*, 941 S.W.2d 679, 699 (Mo.App. W.D.1997). The appellate court will review the language of the instruction and the facts of the case to determine whether the instruction was denied in error. *State v. Ward*, 745 S.W.2d 666, 670 (Mo. banc 1988). To constitute reversible error, the instruction must not only be found to be error, that error must prejudice the defendant. *State v. Hirt*, 16 S.W.3d 628, 632[7] (Mo.App. 2000). "Prejudice exists when the Appel-

lant demonstrates that in the absence of such error a reasonable probability exists that the verdict would have been different." *State v. Edberg*, 185 S.W.3d 290, 293 (Mo.App.2006).

*Instruction 7 directly tracks MAI–CR 310.04,* in stating:

Evidence has been introduced that a specimen was taken of the defendant's breath, and that upon analysis it disclosed that there was alcohol in his blood. (As to Instruction No. 8, you are instructed that:)

If you find and believe beyond a reasonable doubt that there was eight-hundredths or more of one percent by weight of alcohol in the blood of the defendant at the time a specimen is taken, you may, but are not required to, infer that the defendant was under the influence of alcohol at the time the specimen was taken.

If there was less then eight-hundredths of one percent by weight of alcohol in the blood of the defendant at the time a specimen was taken, you cannot find from this evidence alone that the defendant was under the influence of alcohol at the time that specimen was taken.

The state has the burden of proving beyond a reasonable doubt that the defendant was under the influence of alcohol at the time of the offense. In determining whether or not the defendant was under the influence of alcohol at the time of the offense, you may consider the results of the analysis along with all of the other evidence bearing upon that issue.

 Defendant contends this instruction was not an accurate statement of the substantive law set forth in Section 577.037.

---

4. "Whenever there is an MAI–CR instruction or verdict form applicable under the law and Notes On Use, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other instruction or verdict form." Rule 28.02(c).

That provision directs, in pertinent part, that "if there was eight-hundredths of one percent or more by weight of alcohol in the person's blood, this shall be prima facie evidence that the person was intoxicated at the time the specimen was taken." Q577.037.1 (Cum Supp. ___) Defendant claims that Instruction 7, in stating that the jury, when presented with evidence of a blood alcohol content of .08% or greater, "may, but are not required to, infer that the defendant was under the influence of alcohol" did not correctly present the mandate of Section 577.037. Defendant argues that the "permissive inference" of the instruction deviates from the statutory mandate and, therefore, the instruction was in error. Instruction 7 is not contrary to substantive law and is a mandated instruction for this case. Furthermore, Defendant can show no prejudice flowing from the giving of this instruction.

2. Defendant further argues that Instruction 7 presents an evidentiary fact prohibited under Rule 28.02(d). This court notes that Rule 28.02(d) expressly applies to the "Form of Instruction *Where MAI–CR Not Applicable.*" (Emphasis added.) Rule 28.02(d) cautions that in constructing an instruction where no MAI–CR instruction is applicable, the drafter should avoid submitting "detailed, evidentiary facts."

Instruction 7 is a MAI–CR approved instruction; thus, the cautions of Rule 28.02(d) do not apply. Moreover, a review of Instruction 7 does not reveal any of the "detailed evidentiary facts" alleged. The instruction asks the jury to apply the facts of the case to the law but does not present "evidentiary facts."

This point is denied.

## B. Failure to Give Defendants Instruction A

■ Defendant next claims that the trial court erred in refusing Defendant's Instruction A which reads:

Evidence has been introduced that the Defendant was asked to and did submit to certain field sobriety tests. You are not to consider such evidence as scientific proof of Defendant's sobriety.

The court reviews the trial court's refusal to submit an instruction for abuse of discretion. *Howard Constr. Co. v. Bentley Trucking, Inc.*, 186 S.W.3d 837, 842 (Mo. App.2006). A trial court abuses its discretion if the ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Shirrell v. Mo. Edison Co.*, 535 S.W.2d 446, 448 (Mo. banc 1976). Further, this court will not reverse a conviction for mere error; the Appellant must demonstrate both the error and the prejudice arising from the error. *State v. Tyra*, 153 S.W.3d 341, 345 (Mo.App.2005).

■ The tendered Instruction A of Defendant was a non-MAI instruction. A non-MAI instruction must follow the substantive law. *Wiskur v. Johnson*, 156 S.W.3d 477, 481 (Mo.App.2005). However, the instruction must also be supported by substantial evidence. *Howard Constr.*, 186 S.W.3d at 842.

The proposed instruction said that "[e]vidence has been introduced that the Defendant was asked to and did submit to certain field sobriety tests. You are not to consider such evidence as scientific proof of Defendant's sobriety." Defendant cites to *Eggleston v. Lohman* in support of the instruction. 954 S.W.2d 696, 696 (Mo.App. 1997).

In *Eggleston*, a motorist sought review of the revocation of his driver's license for failure to submit to a chemical test for alcohol. *Id.* On appeal, the motorist claimed that the trial court erred in admit-

ting evidence of a field sobriety test without laying a scientific foundation for the test. *Id.* at 697. The appellate court affirmed the revocation, quoting the controlling authority on the issue, *Nuyt v. Director of Revenue:* " '[T]he tests were not offered as scientific proof from which an inference of guilt or innocence can be drawn. The tests were offered and admitted to show [that the police officer] had probable cause for the arrest.' " *Id.* (citing *Nuyt v. Director of Revenue,* 814 S.W.2d 690, 692 (Mo.App.1991)). The court noted that the accumulation of evidence, including the field sobriety test, demonstrated that the police officer had probable cause to arrest the motorist for driving under the influence. *Eggleston,* 954 S.W.2d at 697.

Defendant does not point to evidence in the record to support his argument that the jury could conclude that the field sobriety tests constituted scientific evidence of intoxication. Indeed, to the contrary, the record indicates that, like *Eggleston,* the evidence of the field sobriety tests were introduced to demonstrate that the police officer had probable cause to arrest Defendant for driving under the influence.[5]

Rather than point to evidence in the record to support the necessity of Instruction A, Defendant claims that if the State could submit MAI-approved Instruction 7 as to the effect of the BAC evidence, the defense should be "privileged" to submit the non-MAI instruction as to field sobri-ety tests. This contention does not meet the requirement that an instruction must be supported by substantial evidence.

■ Moreover, Defendant fails to demonstrate how he was prejudiced by the court's denial of the instruction. He asserts that the jury did not have guidance about how to consider the field sobriety evidence. However, he fails to show that the jury required such guidance and that he was prejudiced by the court's failure to give Instruction A to the jury.

In order for this court to reverse the trial court's decision, the instructional error must prejudice the defendant. The trial court's refusal to "privilege" the defense by submitting the instruction to the jury was not so arbitrary and unreasonable as to shock the sense of justice nor does it indicate a lack of careful consideration. The trial court did not abuse its discretion in denying Instruction A. Point denied.

### C. EQUAL PROTECTION CLAIM

In his final allegation of error, Defendant claims that Section 577.023 violates the Equal Protection Clause of both the Missouri and United States Constitutions.

■ When a defendant challenges the constitutionality of a statute, the provisions of Article V, Section IV of the Missouri Constitution would normally divest this court of jurisdiction. *State v. Stottlemyre,*

5. Here, the court pointed to the field sobriety tests as one of the factors in determining that the deputy sheriff had probable cause to conclude Defendant was impaired. The State, on redirect examination, asked:

Q: Now when you determined—when you made your determination there was probable cause to believe he was intoxicated and formed the opinion that he was in fact intoxicated, you based that on everything you had observed that night, didn't you?

A: Yes.

Q: The tests and the way he performed them were one of several factors, is that correct?

A: Yes.

Q: And following that you brought him in and gave him the breath test didn't you?

A: Yes.

Q: And that indicated he was intoxicated?

A: Yes.

35 S.W.3d 854, 861 (Mo.App.2001). Merely asserting that the statute in question is unconstitutional does not necessarily deprive this court of jurisdiction unless that issue is real and substantial and not merely colorable. *State v. Roedel,* 884 S.W.2d 106, 108 (Mo.App.1994). Where, however, "the Missouri Supreme Court has already twice ruled on the precise issue.", presented by the Defendant, "the court of appeals has jurisdiction, but must ... follow the rule decided by the Supreme Court." *State v. Holley,* 488 S.W.2d 925, 927 (Mo. App.1972).

Section 577.023 addresses the prior predicates for an enhancement of sentence for an "intoxication-related traffic offense." Sentences for driving under the influence may be enhanced if the defendant is found to be "persistent offender" or a "prior offender." § 577.023.1(2)—(3). A "persistent offender" is defined as a person who has pled guilty or been found guilty of two or more intoxication-related traffic offenses in the past ten years. § 577.023.1(2). A "prior offender" has pled guilty or has been found guilty of one intoxication-related traffic offense within the past five years. § 577.023.1(2).

Defendant's equal protection claim involves the definition of an intoxication-related traffic offense. The definition limits the application of Section 577.023.1 to offenses "where the judge in such case was an attorney." Defendant claims that by limiting the application of the 577.023.1 to those defendants whose offenses were heard before an attorney-judge, the statute creates two classes of defendants that are similarly situated yet disparately treated: (1) defendants whose prior offenses were tried before an attorney-judge and whose sentences are subject enhancement; and (2) defendants who are not subject to sentencing enhancement as their prior offenses were not heard before an attorney-judge.

This argument has already been heard and rejected by the Supreme Court of Missouri in *State v. Pike,* 162 S.W.3d 464 (Mo. banc 2005), and *State v. Hancock,* 162 S.W.3d 476 (Mo. banc 2005). The defendant in *Pike* challenged 577.023 claiming that the provision "violates his right to equal protection guaranteed by the United States and Missouri Constitutions." 162 S.W.3d at 470. The Court held that:

> The challenged statutory provision clearly indicates the legislature's belief that a defendant subject to an enhanced driving while intoxicated charge deserves the protection of a judge fully trained in the law. This is not a "happenstance" classification because it provides additional protection to defendants. Section 577.023's classification relates to a legitimate state interest and is constitutional under the rational basis test.

*Id.* at 471. Defendant's final point on appeal is denied.

Judgment is affirmed.

All concur.