

# In the
# Missouri Court of Appeals
# Western District

| | |
|---|---|
| **ALYSSA D. BUSTAMANTE,** | WD77493 |
| **Appellant,** | OPINION FILED: |
| v. | September 29, 2015 |
| **STATE OF MISSOURI,** | |
| **Respondent.** | |

Appeal from the Circuit Court of Cole County, Missouri
The Honorable Patricia S. Joyce, Judge

Before Division One:
Cynthia L. Martin, P.J., Joseph M. Ellis, and James Edward Welsh, JJ.

Alyssa Bustamante appeals the circuit court's judgment denying her Rule 24.035 motion for post-conviction relief after an evidentiary hearing. She claims that she was denied effective assistance of counsel and that the statute under which she was initially charged with first-degree murder is unconstitutional as applied to her. Finding no clear error, we affirm.

## Background

On October 21, 2009, fifteen-year-old Alyssa Bustamante strangled and stabbed nine-year-old Elizabeth Olten to death and then buried her body in a shallow grave. Upon questioning

by law enforcement officers, Bustamante admitted that she had killed the child, and she led the officers to the grave.[1]

In November 2009, the Cole County Juvenile Officer filed a petition asking the juvenile court to relinquish its jurisdiction over Bustamante to allow the State to prosecute her as an adult in circuit court. The juvenile court held a "certification" hearing (at which Bustamante was represented by counsel) and ultimately granted the Juvenile Officer's petition. The State then charged Bustamante as an adult with first-degree murder and armed criminal action. Attorneys Donald Catlett and Charles Moreland from the Capital Division of the Public Defender's Office entered an appearance on Bustamante's behalf. The matter was set for trial on January 26, 2012.

On January 10, 2012, Bustamante appeared before the circuit court, accompanied by her attorneys, to plead guilty to second-degree murder and armed criminal action, pursuant to an agreement with the State. Plea counsel informed the court that he and co-counsel had reviewed the substitute information with Bustamante and that she was "prepared today to take responsibility for these offenses." Bustamante confirmed that she wanted to withdraw her not-guilty plea and to plead guilty to the charges in the substitute information.

The court informed Bustamante of the range of punishment for the offenses and explained that there would be a sentencing hearing at which evidence would be taken and the court would then decide what the sentence would be. Bustamante acknowledged that she understood that she was entering a "blind plea," meaning that the judge was not bound by any agreed upon sentence, and that she could not withdraw her guilty plea after the plea hearing. The circuit court accepted Bustamante's guilty plea after finding that she had entered the plea

---

[1]Following a suppression hearing, the circuit court found that Bustamante's admissions had been obtained in violation of the rules for juvenile statements and excluded them from the evidence that could be presented at trial.

"knowingly, willingly, voluntarily, and intelligently," with a full understanding of the charges and the consequences of the plea, and that a factual basis had been established for the plea.

At the sentencing hearing, numerous witnesses, including several expert witnesses, testified for both sides. The circuit court heard evidence about Bustamante's history of mental health issues and about the circumstances surrounding the murder. On February 8, 2012, the court sentenced Bustamante to consecutive terms of life for the murder and thirty years for ACA.

While Bustamante's case was being adjudicated in circuit court, a case contesting the constitutionality of a mandatory life-without-parole sentence for a juvenile convicted of first-degree murder, *Miller v. Alabama*, 132 S.Ct. 2455 (2012), was pending in the United States Supreme Court. In June 2012, the Court held in *Miller* that a statute providing for a *mandatory* sentence of life without parole for a juvenile convicted of a homicide offense violates the Eighth Amendment's ban on cruel and unusual punishment. *Id.* at 2469.

Bustamante filed a timely *pro se* motion for post-conviction relief. Her retained post-conviction counsel entered his appearance and thereafter filed an amended motion pursuant to Rule 24.035. The amended motion alleged, *inter alia*, that Bustamante was denied effective assistance of counsel and that Missouri's first-degree murder statute (§ 565.020, RSMo 2000) is unconstitutional as applied to juveniles, pursuant to *Miller*.

Following an evidentiary hearing, at which Bustamante and both plea attorneys testified, the circuit court denied Bustamante's motion for post-conviction relief. Bustamante appeals.

**Standard of Review**

Our review of the circuit court's ruling on a Rule 24.035 motion is limited to determining whether its findings and conclusions are clearly erroneous. Rule 24.035(k). Findings and conclusions are clearly erroneous only if we have a definite and firm impression that a mistake

3

was made.  *Dobbins v. State*, 187 S.W.3d 865, 866 (Mo. banc 2006).  The movant bears the burden of proving his claims for relief by a preponderance of the evidence.  Rule 24.035(i).

## Discussion[2]

***In Point I,*** Bustamante contends that the circuit court erred in denying her claim that plea counsel rendered ineffective assistance by "failing to advise her fully and make certain that she understood the effect of" the pending case of *Miller v. Alabama*, 132 S.Ct. 2455 (2012), before she pleaded guilty.  Bustamante claims that this resulted in her plea being involuntary and unknowing in that, had she known that there was a possibility that she would not face mandatory life without parole, she would not have pleaded guilty but would have chosen to go to trial.

---

[2]The State has filed a motion seeking a "Limited Remand to Determine Whether the Amended Post-Conviction Motion was Timely Filed," which this Court has taken with the case.  The State argues that, because it is not readily apparent when, or if, the transcript of the plea and sentencing hearings was "filed" (one of the acts that dictates the due date for the amended motion pursuant to Rule 24.035(g)), there is "a potential issue concerning the timeliness of the amended post-conviction motion [that] needs to be further evaluated," in light of *Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. banc 2015).  *Moore* held that an untimely amended motion required remand to determine whether the late filing constituted abandonment and, hence, a determination as to whether the amended or the *pro se* motion should be considered by the court.  *Id*.  If the motion court determined that the movant was abandoned, then it should consider the claims in the amended motion, but if the movant was not abandoned, then the motion court should proceed to adjudicate only those claims in the timely *pro se* motion.  *Id*.

Here, the State urges this Court to remand for the circuit court to determine whether the amended motion was timely, and if not, whether the movant was abandoned by post-conviction counsel.  We have concluded that remand is unnecessary in this case.  Recently, in *Childers v. State*, 462 S.W.3d 825, 827 (Mo. App. 2015), after the circuit court treated the amended post-conviction motion as timely, held an evidentiary hearing, and denied all of the claims therein, the appellate court determined, *sua sponte*, that the amended motion was untimely.  The *Childers* Court concluded, however, based on its reading of *Moore*, that remand was not necessary in its case.  *Id*. at 828. Unlike *Moore* (where the motion court "did not reference [the *pro se*] claims or adjudicate them with written findings of fact and conclusions of law"), in *Childers*, "*all* of the claims in both the *pro se* and amended motion ha[d] been adjudicated with written findings of fact and conclusions of law."  *Id*. (quoting *Moore*, 458 S.W.3d at 826, n. 3).  The appellate court thus concluded that Childers "ha[d] received all the process to which he is entitled" and that "remand would be pointless."  *Id*. (citing *Moore*, 458 S.W.3d at 827-31 (Wilson, J., dissenting) (declaring that remand is "pointless" where the *pro se* claims have been incorporated into the amended motion and thus adjudicated along with the amended motion)).  The *Childers* Court proceeded to review the appeal on its merits.  *Id*.

The same is true here.  The movant in this case raised two claims in her *pro se* motion, both of which were included in the Rule 24.035 amended motion.  The motion court held an evidentiary hearing on the claims raised in the amended motion (and therefore also the claims raised in the *pro se* motion), addressed those claims in its findings of fact and conclusions of law, and denied them all.  Consequently, here, as in *Childers*, we conclude that a remand on the issue of timeliness "would be pointless," and, as in *Childers*, we will examine the merits of the appeal.  The State's motion for remand is denied.

4

To succeed on a claim of ineffective assistance of counsel in a Rule 24.035 proceeding, the movant must establish: "(1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney; and (2) that [she] was thereby prejudiced." *Haskett v. State*, 152 S.W.3d 906, 909 (Mo. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). If the movant fails to prove either criterion, we do not consider the other. *Id*. In a Rule 24.035 case, a movant establishes prejudice by demonstrating a reasonable probability that, but for counsel's errors, she would not have pleaded guilty but would have insisted on proceeding to trial. *Jones v. State*, 211 S.W.3d 210, 213 (Mo. App. 2007).

"[A] guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997). By pleading guilty, a defendant "waive[s] any claim that counsel was ineffective except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005).

In her amended motion and at the evidentiary hearing, Bustamante claimed that she was denied effective assistance and that her plea was involuntary because, despite knowing that a ruling on *Miller* could potentially invalidate a first-degree murder statute (like Missouri's) that mandates a life-without-parole sentence as applied to a juvenile offender, plea counsel advised and "pressured" her to plead guilty before *Miller* was decided.

The circuit court rejected Bustamante's claim, finding that the record showed that she "was advised about the litigation in the *Miller* case and that it was pending in the Supreme Court." The court further found that Bustamante "understood that the issue of life imprisonment without parole for juveniles was going to be decided" and that she "was advised by her attorneys

5

of the issue." The court concluded that she "would have entered her plea of guilty to murder in the second degree regardless of the advice of her attorneys" and that her testimony to the contrary was "not credible." The court noted that the evidence against Bustamante was "both strong and aggravating," which would not "favor her at any trial" and found, therefore, that her assertion that she would have gone to trial was "difficult to countenance."

The record of the evidentiary hearing supports these findings. Bustamante's post-conviction counsel presented the testimony of plea attorneys Moreland and Catlett at the evidentiary hearing. Both attorneys indicated that they were aware, prior to Bustamante's guilty plea, that *Miller*, 132 S.Ct. 2455, was pending in the United States Supreme Court and involved the issue of whether a juvenile murderer could be sentenced to life without parole. Both attorneys testified that they had discussed with Bustamante the concepts of *Miller* and also *Graham v. Florida*, 560 U.S. 48 (2010) (which held that juveniles cannot be sentenced to life without parole for a non-homicide offense).[3]

Attorney Moreland testified that he recalled considering *Miller* and *Graham*, discussing the issue of juvenile life-without-parole with Bustamante, and filing a motion based on *Graham* to declare the first-degree murder statute unconstitutional as applied to her. Moreland stated that he was "quite confident that we did discuss" that those two cases were pending, as well as the risks and benefits of pleading guilty despite not knowing how the Court would rule in *Miller*. Moreland agreed that Bustamante had expressed her understanding of the issues that he and co-counsel were discussing with her. Moreland opined that if Bustamante had gone to trial, "she stood a *very strong risk* of being found guilty of murder in the first degree by a jury, a *very*

---

[3]While Bustamante's case was pending in circuit court, plea counsel filed a motion seeking to have Missouri's first-degree murder statute (§ 565.020) declared unconstitutional, as applied to juveniles, as a "logical extension" of *Graham*, 560 U.S. 48. The court denied the motion.

6

*strong risk*." He explained that pleading guilty to the lesser charge aided her by avoiding a jury trial on guilt, where the focus would have been on the victim, and instead shifted the focus at the sentencing hearing to Bustamante (and her mental health issues).

Attorney Catlett testified that, although he did not specifically remember discussing *Graham* and *Miller* with Bustamante, he believed that the relevant issues were discussed with her when they filed the constitutional challenge to section 565.020 based on *Graham*. Catlett stated that he was "sure" Bustamante was aware of that motion because she was present when they presented it. He did not specifically recall whether *Miller* or *Graham* came up when he and Moreland met with her to discuss the State's plea offer.

Bustamante testified that she remembered discussing the plea offer with counsel and that counsel explained the risks of accepting the offer. She also remembered talking with her attorneys about legal issues but said she did not understand them. She stated that she was on psychiatric medication that made her sleepy when they discussed the plea offer with her and that they did not give her time to think about it. She accepted the plea offer, she said, because she believed that it was the only way to avoid "the absolute certainty of life without parole." She claimed that she was not aware of the *Miller* case and that, had she known the Supreme Court was going to decide a case involving life without parole for juveniles, she would not have entered a guilty plea but would have taken her chances with a jury.

As noted, the circuit court found that counsel had fully advised Bustamante of the juvenile life-without-parole issue and that her testimony to the contrary was not credible. On appeal of a Rule 24.035 post-conviction motion, we defer to the circuit court's "superior ability to determine matters of witness credibility." *See State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996). "At [the] evidentiary hearing, the motion court determines the credibility of the witnesses

7

and is free to believe or disbelieve the testimony of any witness." *Wills v. State,* 321 S.W.3d 375, 380 (Mo. App. 2010). We presume that the circuit court's findings are correct, and we defer to that court's determinations of credibility. *Id.* Thus, to the extent that there was any conflict in the testimony at the evidentiary hearing, we defer to the circuit court's credibility findings.

In any event, with the trial date set to begin in two weeks, and the State's deadline on the plea offer set to expire in two days, counsel cannot be deemed ineffective for not somehow waiting for the decision in *Miller*, or for failing to predict what the holding in *Miller* might be. "[F]ailure to predict a change in the law is not ineffective assistance." *State v. Parker*, 886 S.W.2d 908, 923 (Mo. banc 1994). Moreover, as more fully explained below, even after *Miller*, 132 S.Ct. at 2469, Bustamante still could have been sentenced to life without parole after consideration of other factors (*see State v. Hart*, 404 S.W.3d 232, 238-39 (Mo. banc 2013); *State v. Nathan*, 404 S.W.3d 253, 270-71 (Mo. banc 2013)), and her desire to avoid such a sentence still inevitably would have motivated her to accept the plea offer.

Bustamante fails to establish that the circuit court clearly erred in finding no ineffective assistance of counsel related to this claim, and, thus, the point is denied.

***In Point II,*** Bustamante contends that the statute under which she was initially charged with first-degree murder (§ 565.020, RSMo) is unconstitutional as applied to her, in light of the later decision in *Miller*, which held that a ***mandatory*** sentence of life without parole for a juvenile convicted of a homicide offense violates the Eighth Amendment's ban on cruel and unusual punishment. *See* 132 S.Ct. at 2469. She claims that, had she not been charged with first-degree murder, a reasonable probability exists that she would not have pleaded guilty to second-degree murder.

Bustamante alleged in her amended 24.035 motion that she was denied her constitutional right to be free of cruel and unusual punishment when she was charged with first-degree murder for an act committed when she was a juvenile. She claimed that, because she could not be sentenced to death, the only sentence available for a first-degree murder conviction was *mandatory* life without parole, which *Miller* rendered unconstitutional as applied to juveniles.

The motion court rejected this claim based, in part, on the Missouri Supreme Court's interpretation of the *Miller* case in *State v. Hart*, 404 S.W.3d 232 (Mo. banc 2013), and *State v. Nathan*, 404 S.W.3d 253 (Mo. banc 2013). In *Miller*, the United States Supreme Court did not *bar* a sentence of life without parole for a juvenile murderer; it held instead that a sentencing scheme that *mandates* the imposition of such a sentence for juveniles was impermissible. *See* 132 S.Ct. at 2469. In *Hart*, our Supreme Court held that, after *Miller*, a juvenile in Missouri can still be found guilty of first-degree murder and sentenced to life without parole, just not under a mandatory sentencing scheme. 404 S.W.3d at 241-42; *accord Nathan*, 404 S.W.3d at 270-71.

In *Hart*, and in *Nathan*, our Supreme Court addressed and rejected the very same constitutional challenge that Bustamante raises. The defendant in *Hart* claimed that, because "the only authorized sentences for first-degree murder are unconstitutional as applied to juvenile offenders, . . . section 565.020 is void for failure to provide a valid punishment." 404 S.W.3d at 234. The Court rejected that claim because the Eighth Amendment, as interpreted by the Supreme Court in *Miller*, does not categorically bar imposition of a life-without-parole sentence on a juvenile murderer. *Id.* at 237. "Instead, *Miller* holds that such a sentence is constitutionally permissible as long as the sentencer determines [that] it is just and appropriate in light of the defendant's age, maturity, and the other factors discussed in *Miller*." *Id.* at 237-38. The Court

9

expressly rejected the argument that section 565.020 was "void" for failure to provide a "constitutionally permissible punishment," stating:

> Hart's claim that section 565.020 is void is premature. As noted above, Hart claims that section 565.020 is void for lack of a constitutionally permissible punishment because, like the death penalty, life without parole is an unconstitutional sentence for all juvenile offenders. The Court rejects this argument because, if the sentencer determines on remand that life without parole is a just and appropriate sentence for Hart under all the circumstances, that sentence is constitutional under *Miller*.

*Id.* at 239; *see also Nathan*, 404 S.W.3d at 270-71 (citing *Hart* for the same proposition).

When the Missouri Supreme Court has already decided the precise issue that is raised in this Court, we have jurisdiction, but we and all lower courts must follow the Supreme Court's ruling. *See State v. Davis*, 203 S.W.3d 796, 801 (Mo. App. 2006).[4] Here, the motion court did just that; thus, it did not clearly err in rejecting this claim. Consequently, Point II also is denied.

***In Point III,*** Bustamante contends that the circuit court clearly erred in denying her claim that plea counsel was ineffective in failing to challenge her certification as an adult by seeking a remand to the juvenile court. She claims that "reasonably effective counsel would have known that the evidence presented in juvenile court was insufficient to warrant certification."

At the certification hearing, the juvenile court noted that it must presume that the juvenile committed the alleged offenses and determine if a juvenile committing such an offense would be "a fit subject" to be dealt with under the juvenile code. Bustamante's counsel objected to any

---

[4]As to whether this Court has jurisdiction to consider this constitutional claim, we explained in *Davis*:

> When a defendant challenges the constitutionality of a statute, the provisions of Article V, Section IV of the Missouri Constitution would normally divest this court of jurisdiction. Merely asserting that the statute in question is unconstitutional does not necessarily deprive this court of jurisdiction unless that issue is real and substantial and not merely colorable. Where, however, "the Missouri Supreme Court has already twice ruled on the precise issue," presented by the Defendant, "the court of appeals has jurisdiction, but must . . . follow the rule decided by the Supreme Court."

203 S.W.3d at 800-01 (internal citations omitted). Here, as in *Davis*, this constitutional claim is merely colorable because the very claim that Bustamante makes has already been rejected by our Supreme Court in *Hart* and *Nathan*.

testimony describing the offense in detail, noting that the facts as alleged in the petition are presumed to be true for purposes of the hearing. An investigator gave limited testimony about Bustamante's admissions after the murder. At the end of the hearing, the juvenile court relinquished jurisdiction, finding, *inter alia*, that "the nature of the crime charged was serious, vicious, violent, and forceful [and] resulted in the death of a nine-year-old child."

In her amended post-conviction motion, Bustamante alleged that her plea attorneys were ineffective for failing to revisit her juvenile certification by filing "a motion to remand [her] to juvenile court in light of the juvenile court's failure to consider [her] unbalanced emotional condition." The motion court rejected the claim because Bustamante "did not present any evidence [at the evidentiary hearing] that she sought such action." The court also found that there was "no evidence to show any chance of merit on such a motion" and the record showed that she "was properly certified."

The circuit court did not err in finding that Bustamante abandoned this claim by failing to present any evidence to prove it at the evidentiary hearing. Although both plea counsel testified at the evidentiary hearing, neither was questioned about the failure to file a remand motion on the certification issue. "Allegations in a post-conviction motion are not self-proving." *Cole v. State*, 223 S.W.3d 927, 931 (Mo. App. 2007). "It is well-settled that a movant's failure to present evidence at a hearing to provide factual support for a claim in his or her post-conviction motion constitutes an abandonment of that claim." *Id*. at 932 (citing *State v. Nunley*, 980 S.W.2d 290, 293 (Mo. banc 1998)). "A hearing court is not clearly erroneous in refusing to grant relief on an issue which is not supported by evidence at the evidentiary hearing." *Id*.

Moreover, as noted, a defendant who pleads guilty "waive[s] any claim that counsel was ineffective except to the extent that the conduct affected the voluntariness and knowledge with

11

which the plea was made." *Worthington*, 166 S.W.3d at 573. Here, Bustamante does not argue -- nor does she show -- that plea counsel's failure to challenge the juvenile certification affected the voluntariness of her plea.

In sum, Bustamante does not demonstrate that the motion court clearly erred in denying this claim of ineffective assistance of counsel. This point also is denied.

For the foregoing reasons, we affirm the circuit court's judgment.


/s/ JAMES EDWARD WELSH
James Edward Welsh, Judge


All concur.

12