

# Missouri Court of Appeals

## Southern District

### Division Two

STEWART R. HOPKINS, )
)
    Movant-Appellant, )
)
vs. ) No. SD34216
)
STATE OF MISSOURI, ) **Filed: September 1, 2016**
)
    Respondent-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Laura J. Johnson, Circuit Judge

**REVERSED AND REMANDED**

Stewart R. Hopkins ("Movant") appeals the motion court's denial without an evidentiary hearing of his request for post-conviction relief under Rule 29.15.[1] In his first point, Movant now asserts, and the State appears to agree, that (1) Movant's amended motion for post-conviction relief was filed untimely because an order of notification by the motion court was an appointment of counsel, (2) Movant's *pro se* motion for post-conviction relief contained claims not included in Movant's amended motion for post-conviction relief, and (3) the motion court did not conduct an independent inquiry into whether motion counsel had abandoned Movant.

---

[1] With the agreement of Movant, his request for post-conviction relief was submitted to the motion court on the basis of trial counsel's deposition without an evidentiary hearing. All rule references are to Missouri Court Rules (2016).

1

The motion court's judgment adjudicates only Movant's amended motion, and, though Movant's *pro se* motion is difficult to understand fully, we agree that the *pro se* motion appears to include claims that are not included in the amended motion.[2] There also is no indication in the record that the motion court undertook an independent inquiry to determine if Movant was abandoned by motion counsel. Both parties request that we reverse and remand the case to the motion court for an independent inquiry into whether motion counsel abandoned Movant.

The order of notification at issue in this appeal stated:

> the Court orders the Circuit Clerk to notify the Central Appellate Division for the State Public Defender of the filing of this 24.035 [*sic*] action and to provide the State Public Defender with a copy of Movant's Form 40.
> The Circuit Clerk is ordered to furnish to the State Public Defender any and all pleadings from this file or the underlying criminal case that the State Public Defender may request.

Both parties inform us that the issue of whether a notification to counsel is an appointment of counsel where the notification fails to expressly state it is *not* an appointment of the counsel to whom it is directed, as in this case, is currently pending before the Supreme Court in *State v. Creighton*, SC95527 (transferred by the Supreme Court after opinion by the Eastern District in *State v. Creighton*, No. ED102030, 2015 WL 9240967 (Mo.App. E.D. Dec.15, 2015)).[3] In the Eastern District's now vacated opinion,[4] the Eastern District treated a notification that appears similar to the order of notification in this case as an appointment. We choose to

---

[2] If the judgment had adjudicated all claims raised in both motions, remand for an abandonment inquiry would be unnecessary. *Bustamante v. State*, 478 S.W.3d 431, 435 n.2 (Mo.App. W.D. 2015).

[3] According to the docket sheet in the Supreme Court, oral argument is scheduled for October 5, 2016. Although the cases involve post-conviction relief, we note that the Eastern District and Supreme Court refer to these matters as *State v. Creighton*.

[4] *See* *Bolden v. State*, 423 S.W.3d 803, 808 n.6 (Mo.App. E.D. 2013) (transfer to the Supreme Court necessarily vacates the decision of the court of appeals).

follow the Eastern District's reasoning, and treat the order of notification in this case as an appointment of counsel.[5]

As a result, Movant's amended motion for post-conviction relief was filed untimely under Rule 29.15(g). Our mandate in Movant's direct appeal issued May 21, 2014, and, under Rule 29.15(b), Movant's *pro se* motion for post-conviction relief filed July 16, 2014, was timely. The order of notification (which we treat as an appointment of counsel) was entered August 18, 2014, and, on October 1, 2014, the motion court granted an additional thirty days to file an amended motion for post-conviction relief. Under Rule 29.15(g), an amended motion was due ninety days after August 18, 2014, or November 16, 2014, except that November 16 was a Sunday so November 17 was the actual deadline for an amended motion pursuant to Rules 29.15(a) and 44.01(a). Motion counsel filed an amended motion, but did not do so until December 26, 2014.[6]

As we recently observed in the related context of a request for post-conviction relief under Rule 24.035:

> When appointed post-conviction counsel files an amended motion outside the proscribed time limits, a presumption of abandonment occurs "because the filing of the amended motion indicates that counsel determined there was a sound basis for amending the initial motion but failed to file the amended motion timely." *Moore* [*v. State*], 458 S.W.3d [822,] 825 [Mo. banc 2015] (citations omitted).
>
> Where there exists a presumption of abandonment, the motion court is required to undertake an independent inquiry to determine whether Movant was in fact abandoned by appointed counsel. *Id.* Such an inquiry will determine which post-conviction motion—Movant's *pro se* motion or the amended motion—should be adjudicated by the motion court.[] *Id.* at 826. There is nothing in the record

---

[5] In ***Laub v. State***, 481 S.W.3d 579, 584, 583-85 (Mo.App. S.D. 2015), we held that a notice to the public defender's office was not an appointment of counsel where the notice specifically stated, "I am not appointing the Public Defender's office at this time . . . ."

[6] Movant's amended motion would have been timely if the order of notification was not an appointment of counsel since the record does not reflect any other appointment of counsel and motion counsel did not enter an appearance until September 26, 2014. Ninety days after September 26 would have been Christmas day so the deadline for an amended motion would have been December 26, 2014.

here to indicate that the required independent inquiry into the issue of abandonment was undertaken by the motion court, thus remand is appropriate.[]

*Price v. State*, 489 S.W.3d 358, 361 (Mo.App. S.D. 2016) (internal footnotes omitted). If, on remand, the motion court determines Movant was not abandoned, the motion court should not consider Movant's amended motion and adjudicate Movant's *pro se* motion. If, on the other hand, the motion court determines on remand that Movant was abandoned, the motion court should adjudicate Movant's amended motion. *Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. banc 2015).

The motion court's judgment is reversed, and the case is remanded for further proceedings as required by *Moore*. And, in light of the fact the issue of whether a notification is an appointment of counsel where the notification fails to expressly state it is *not* an appointment of counsel is currently pending before the Supreme Court, we order that this case be transferred to the Supreme Court pursuant to Rule 83.02.


Nancy Steffen Rahmeyer, J. - Opinion Author

Daniel E. Scott, J. - Concurs

William W. Francis, Jr., J. - Concurs